UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                     Case No:   8:24-cr-00268-JLB-AAS

MIGUEL CINTRON and DARRIUS
GUSTAFSON,

      Defendants.
_____/

## ORDER

This cause comes before the Court on the Defendant Miguel Cintron's Motion in Limine, which Defendant Darrius Gustafson joins.  (Doc. 189).  For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

A grand jury returned a nine-count indictment charging Miguel Cintron, Darrius Gustafson, and two additional co-defendants with various drug-related offenses and Mr. Cintron with being a felon in possession of a firearm.  (Doc. 1). After pleading guilty to all other charges for which they were indicted, Defendants Cintron and Gustafson are proceeding to trial on counts one and two.

Count one charges that from on or about February 16, 2024, to on or about April 10, 2024, the four defendants conspired to possess with the intent to distribute a controlled substance, fentanyl, resulting in death, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  (*Id.* at 1–2).  Count two charges that, on or about February 16, 2024, the four defendants aided and abetted each other in the distribution of

fentanyl, resulting in death, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.  (*Id.* at 2).

Counts three through seven charge that either all four defendants or three of the four defendants aided and abetted each other in the distribution of fentanyl on various dates between February 27, 2004, and April 10, 2024, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.  (*Id.* at 2–4).  Counts eight and nine solely charge Mr. Cintron. (*Id.* at 5).  Count eight charges that on or about April 11, 2024, Mr. Cintron, a convicted felon, possessed a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(8).  (*Id.*).  Lastly, count nine charges Mr. Cintron with possession with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  (*Id.*).

Mr. Cintron pleaded guilty to counts three through nine.  (*See* Doc. 149).  The indictment charges Mr. Gustafson with counts one through four, and he pleaded guilty to counts three and four.  (*See* Doc. 148).  As noted, Defendants Cintron and Gustafson are proceeding with a jury trial only on counts one and two.

Defendants' motion in limine seeks to exclude evidence relating to counts three through seven and nine[1], arguing that evidence surrounding those counts has "no probative value as it relates to counts one and two . . . ."  (Doc. 189 at ¶ 11).  The United States responds in opposition.  (Doc. 214).  In its response, the United States represents that the parties now agree as to the admissibility of counts three through seven, leaving only Defendants' motion to exclude evidence related to count

---

[1] Defendants' motion notes that the parties agree that evidence as to count eight will be excluded.  (Doc. 189 at 3).

nine—possession with the intent to distribute five kilograms or more of cocaine charge against Mr. Cintron. (*Id.* at 1).

## LEGAL STANDARD

The purpose of a motion in limine is to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The movant bears the burden of establishing "substantial prejudicial effect." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1311 (11th Cir. 2019) (citation omitted).

## DISCUSSION

Federal Rule of Evidence 404(b) generally prohibits "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To establish admissibility under Rule 404(b), (1) "the evidence must be relevant to an issue other than the defendant's character;" (2) "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act;" and (3) "the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (citations omitted). Federal Rule of Evidence 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

3

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendants argue that the probative value of evidence related to count nine's charge that on or about April 11, 2024, Mr. Cintron possessed with the intent to distribute five kilograms or more of cocaine is substantially outweighed by undue prejudice. (Doc. 189 at 4). The Court disagrees.

"Evidence of criminal activity other than the offense charged is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir. 1993). Further, the Court notes that "Rule 403 is an extraordinary remedy whose major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (citation modified). Indeed, "[t]he Rule carries a strong presumption in favor of admissibility." *Id.* (citation modified). "Thus, in 'reviewing issues under Rule 403, [the court] look[s] at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007) (quoting *United States v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006)).

The remaining counts against Defendants—counts one and two—are charges

for drug distribution conspiracy beginning on an unknown date and no later than on or about February 16, 2024, and continuing through on or about April 10, 2024, and distribution of a controlled substance on or about February 16, 2024. (Doc. 1 at 1–2). Count nine charges Mr. Cintron with possession with intent to distribute another controlled substance—cocaine—on or about April 11, 2024. (*Id.* at 5). That Mr. Cintron's distribution of a different controlled substance than the controlled substance charged in count one's conspiracy and that it and occurred a day after "on or about April 10, 2024" is of no consequence. Evidence related to count nine provides context as to the overall drug conspiracy charged against Mr. Cintron, Mr. Gustafson, and their other two named coconspirators in count one. It also provides context as to the April 11, 2024, substantive distribution of a controlled substance charge set forth against Mr. Cintron and Mr. Gustafson, and their two codefendants in count two. Evidence relating to count nine's April 11, 2024, distribution charge is inextricably intertwined with the conspiracy to possess with the intent to distribute a controlled substance charged in count one and the substantive charge of distribution of a controlled substance charged in count two. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.") (citation omitted); *see United States v. Miller*, 431 F. App'x 847, 855 (11th Cir. 2011) (upholding the

5

district court's denial of a motion in limine to exclude evidence of the defendants' history of drug dealing where it "established the context of the charged conspiracy"). For the same reason, this evidence also satisfies the requirement of Rule 403.

Moreover, a prior offense is admissible under Rule 404(b) to prove intent where the uncharged offense and the charged offense require the same intent, the jury can determine that the defendant committed the uncharged offense, and the court finds that the probative value of that evidence outweighs its prejudice to the defendant. *United States v. Barrington*, 648 F.3d 1178, 1187 (11th Cir. 2011); *United States v. Pessefall*, 27 F.3d 511, 516 (11th Cir. 1994). Here, drug distribution conspiracy and possession with intent to distribute a controlled substance "involve the same mental state." *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (holding that the government properly relied on a subsequent act of possession of large quantities of cocaine to prove intent for the charged crime of conspiracy to possess with intent to distribute); *United States v. Calderon*, 127 F.3d 1314, 1331 (11th Cir. 1997) (holding that evidence of the defendant's prior conviction for marijuana trafficking and kidnapping were directly relevant to intent regarding the charged crime of cocaine importation and distribution). The other Rule 404(b) prongs are easily met, as Mr. Cintron has pleaded guilty to count nine (Doc. 149), and the Court has found that the probative

6

value of the evidence is not substantially outweighed by undue prejudice.[2]

## CONCLUSION

Accordingly, Defendants' Motion in Limine (Doc. 189) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 24, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Defendants' Motion in Limine takes issue with the admissibility of evidence as to counts three through seven, the Court finds that they are admissible. Counts three through seven, which charge distribution of fentanyl on dates ranging from February 27, 2024, to April 10, 2024, fall squarely within the scope of count one. (Doc. 1 at 1–4). *See Miller*, 431 F. App'x at 855; *see also United States v. Martin*, No. 8:17-CR-301-T-24-AAS, 2019 WL 421833, at *3 (M.D. Fla. Jan. 9, 2019) (denying defendant's motion in limine to exclude evidence of his ban from wound care clinics in 2010 because the "evidence appear[ed] to be part of or inextricably intertwined with the allegations in the indictment," which stated that defendant was banned from a two wound care clinics in November and December of 2010).